## MORTON *v.* SAVIN.

*Error proceedings—Municipal court to court of appeals—Seventy-day limitation—Entry constitutes final order, when—Time runs from judgment entry and not from overruling motion for new trial.*

1. An entry on the record in a cause in a municipal court, heard by the court without the intervention of a jury, that "This day this cause coming on to be heard upon the evidence and the same having been submitted to the court, the court finds for the plaintiff in the sum of $313.92 and costs," which entry was prepared by counsel and endorsed by the court and counsel for both parties to the action, is a judgment.
2. The time for filing a petition in error began to run from the date of such entry and not from the date of a subsequent entry of judgment overruling a motion for a new trial and awarding judgment in the same sum with costs.

(Decided December 4, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. I. L. Huddle* and *Mr. A. C. Fricke,* for plaintiff in error.

*Mr. J. S. Hermann,* for defendant in error.

HAMILTON, P. J.    This case arose in the municipal court of Cincinnati and was heard by the court without the intervention of a jury.

The record discloses the following:

"November 22, 1920.

"This day this cause coming on to be heard upon the evidence and the same having been submitted to the Court, the Court finds for the plaintiff in the sum of $313.92 and court costs."

On November 23, 1920, a motion for a new trial was filed. On November 27, 1920, the court overruled the motion, and entered the following judgment:

"The Court finds said motion not well taken and that the same should be overruled. It is therefore ordered and adjudged that the motion of the defendant be and the same is hereby overruled and judgment is hereby awarded plaintiff in the sum of $313.92 and costs of this action."

Exceptions to this judgment entered on November 27, 1920, were taken, and on February 3, 1921, a petition in error was filed in the court of common pleas.

A motion to dismiss the petition in error was filed by the defendant in error, on the ground that the petition in error was not filed in time, being more than seventy days from the entry of November 22.

The court of common pleas granted the motion

and dismissed the petition in error, and from that dismissal error is prosecuted here. Plaintiff in error claims that the date from which the time for filing the petition in error began to run was that of the entry of November 27, wherein judgment was entered overruling the motion and granting judgment for the defendant in error. Plaintiff in error further claims that the entry of November 22 was not a judgment, but simply a finding of the court.

Under Section 11582, General Code, a judgment is a final determination of the rights of the parties in an action. In the entry of November 22, the court made its finding in favor of the plaintiff for a certain sum, together with the court costs. The record discloses that this entry was prepared by counsel, endorsed by counsel representing both plaintiff and defendant, and endorsed by the court, and was a final determination of the rights of the parties in the action.

The case was tried to the court, and the motion for a new trial did not prevent the entering of a judgment.

No particular formality is necessary to constitute a judgment, and this is especially so in a magistrate's court.

The time of the filing of the petition in error began to run from the date of the entry of November 22, 1920. The petition in error was filed in the court of common pleas February 3, 1921, which was more than seventy days from the entry of November 22, 1920, and was, therefore, filed too late. See case of *Craig* v. *Welply,* 104 Ohio St., 312, decided March 7, 1922.

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.